1  Jonathan M. Gordon (State Bar No. 82202)
   jonathan.gordon@alston.com
2  Casondra K. Ruga (State Bar No. 237597)
   casondra.ruga@alston.com
3  **ALSTON & BIRD LLP**
   333 South Hope Street, 16th Floor
4  Los Angeles, California 90071
   Telephone:  (213) 576-1000
5  Facsimile: (213) 576-1100

6  Attorneys for Plaintiffs
   **CENGAGE LEARNING,  INC., JOHN WILEY & SONS, INC.,**
7  **THE McGRAW-HILL COMPANIES, INC., and**
   **PEARSON EDUCATION, INC.**
8

9                **UNITED STATES DISTRICT COURT**

10               **CENTRAL DISTRICT OF CALIFORNIA**

11 CENGAGE LEARNING,  INC., a Delaware     Case No.:
   corporation; JOHN WILEY & SONS, INC.,
12 a New York corporation; THE McGRAW-    **CV11  03738 JC**
   HILL COMPANIES, INC., a New York       **COMPLAINT FOR:**
13 Corporation; and PEARSON EDUCATION,
   INC., a Delaware corporation,          1. **COPYRIGHT INFRINGEMENT**
14                                            (17 U.S.C. § 101 *et al.*);
              Plaintiffs,                  2. **COPYRIGHT INFRINGEMENT**
15                                            (17 U.S.C. § 602);
      v.                                   3. **CONTRIBUTORY COPYRIGHT**
16                                            **INFRINGEMENT (17 U.S.C. § 101**
   DOES 1-25;                                 *et al.*);
17                                         4. **VICARIOUS COPYRIGHT**
              Defendants.                     **INFRINGEMENT (17 U.S.C. § 101**
18                                            *et al.*);
                                           5. **TRADEMARK INFRINGEMENT**
19                                            (15 U.S.C. § 1114);
                                           6. **COUNTERFEITING (15 U.S.C. §**
20                                            **1114);**
                                           7. **TRAFFICKING IN**
21                                            **COUNTERFEIT**
                                              **DOCUMENTATION (18 U.S.C. §**
22                                            **2318);**
                                           8. **ILLEGAL IMPORTATION OF**
23                                            **GOODS (15 U.S.C. § 1124 AND 19**
                                              **U.S.C. § 1526)**
24                                         9. **TRADEMARK DILUTION (15**
                                              **U.S.C. § 1125(c);**
25                                         10.**UNFAIR COMPETITION AND**
                                              **FALSE DESIGNATION OF**
26                                            **ORIGIN (15 U.S.C. § 1125(a));**
                                           11.**UNFAIR COMPETITION (CAL.**
27                                            **BUS. & PROF. CODE § 17200)**

28                                         **DEMAND FOR JURY TRIAL**

COMPLAINT

**INTRODUCTION**

1.     Plaintiffs Cengage Learning, Inc., John Wiley & Sons, Inc., The McGraw-Hill Companies, Inc., and Pearson Education, Inc. (collectively "Plaintiffs") are the world's leading educational publishers.  They provide a comprehensive range of traditional and digital educational content and tools to professionals and students of all ages.  In or about order about September 2010, Plaintiffs discovered that Defendants, who operate their business via the Internet using various pseudonyms, were selling wholly unauthorized copies of Plaintiffs' copyrighted textbooks bearing Plaintiffs' U.S. registered trademarks.  Plaintiffs bring this Complaint for damages and injunctive relief to redress Defendants' widespread infringement of Plaintiffs' intellectual property rights.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1121, based on federal question jurisdiction.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

3.     This is an action arising under the Lanham Act §§ 32, 42-43, 15 U.S.C. §§ 1114, 1124-1125, the Copyright Act, 17 U.S.C. § 101 *et al.*, 19 U.S.C. § 1526, and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*

4.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.  Although Defendants' true identifies are unknown to Plaintiffs at this time, on information and belief, Defendants may be found in this district and/or a substantial part of the events or omissions giving rise to the claims herein occurred within this district.  On information and belief, personal jurisdiction in this district is proper because Defendants, without the consent or permission of Plaintiffs, published, distributed, and offered to distribute over the Internet unauthorized copies of Plaintiffs' copyrighted works bearing Plaintiffs' trademarks, for which Plaintiffs'

1  have the exclusive rights.  Such unlawful conduct occurred in several jurisdictions in
2  the United States, including this one.  In addition, Defendants use online service
3  providers found in this district to provide him/her/it with access to the Internet.

4

5                                    **PARTIES**

6      5.    Plaintiff Cengage Learning Inc., formerly Thomson Learning, Inc.,
7  ("Cengage"), is a Delaware corporation qualified to do business in the State of
8  California, with its principal place of business at 200 First Stamford Place, 4th Floor,
9  Stamford, Connecticut, 06902.

10     6.    Plaintiff John Wiley & Sons, Inc. ("Wiley"), is a New York corporation
11 qualified to do business in the State of California, with its principal place of business
12 in the State of New Jersey.

13     7.    Plaintiff The McGraw-Hill Companies, Inc. ("McGraw-Hill"), is a New
14 York corporation qualified to do business in the State of California, with its principal
15 place of business at 1221 Avenue of the Americas, New York, New York, 10020.

16     8.    Plaintiff Pearson Education, Inc. ("Pearson"), is a Delaware corporation
17 qualified to do business in the State of California, with its principal place of business
18 at One Lake Street, Upper Saddle River, New Jersey, 07458.

19     9.    Plaintiffs Cengage, Wiley, McGraw-Hill, and Pearson are collectively
20 referred to herein as "Plaintiffs".

21     10.   The true names and capacities of the Defendants Does 1 through 25
22 (collectively "Defendants") are unknown to Plaintiffs at this time.  Each Defendant is
23 known to Plaintiffs only by:  (a) various usernames utilized on Amazon.com, PayPal,
24 eBay, and other e-commerce websites; and/or (c) various email accounts utilized by
25 Defendants, including but not limited to various Gmail accounts.  Plaintiffs believe
26 that information obtained in discovery will lead to the identification of Defendants'
27 true names and permit Plaintiffs to amend this Complaint to state the same.

28

## GENERAL ALLEGATIONS

11.   Cengage is among the world's largest providers of tailored learning solutions.  In the academic marketplace, Cengage serves secondary, post-secondary and graduate-level students, teachers, and learning institutions in both traditional and distance learning environments.  Cengage products and services are sold throughout the world, through direct channels and via a worldwide network of distributors. Cengage invests significant resources annually in the worldwide advertisement and promotion of its goods and services under all its marks.

12.   Wiley, which has been in operation for nearly 200 years, is a global publisher of print and electronic products, specializing in scientific, technical, and medical books and journals; professional and consumer books and subscription services; and textbooks and other educational materials for undergraduate, graduate, advanced placement students, educators, and lifelong learners.

13.   McGraw-Hill is a global publisher and lifelong learning partner to students and teachers of all kinds and addresses virtually every aspect of the education market from pre-kindergarten through professional learning, using traditional materials, online learning and multimedia tools.  McGraw-Hill is also a leading provider of reference and trade publishing for the medical, business, engineering and other professions.

14.   Pearson is a world-renowned publisher of educational books in all subject areas and grade levels, operating under numerous imprints, with a rich educational and literary heritage.  With well-known brands such as Pearson, Prentice Hall, Pearson Longman, Pearson Scott Foresman, Pearson Addison Wesley, Pearson NCS, and many others, Pearson provides quality content, assessment tools, and educational services in all available media.

15.   Plaintiffs' publications are available through multiple channels of distribution, including retail bookstores, online booksellers, sales to all forms of wholesalers, and direct sales to schools, students and other consumers.

16.    Plaintiffs use their alliances, affiliations and relationships with wholesalers and distributors as part of their respective overall sales, marketing and distribution plans.  Those plans expand Plaintiffs' geographic reach to actual and potential customers, and allow Plaintiffs to operate across various mediums and formats.

17.    Plaintiffs invest heavily in their education publishing programs.  Each year they incur substantial costs for author royalties or other costs of content creation or licensing, copyediting and proofreading, and for typesetting, layout, printing, binding, distribution, and promotion, and for support of their editorial offices.

18.    The revenue from Plaintiffs' respective educational products represents a substantial amount (and in some cases a majority) of Plaintiffs' respective annual revenues, and is therefore important to their financial health.

19.    Plaintiffs suffer serious financial injury when their copyrights and trademarks are infringed.  A substantial decline in their income could cause Plaintiffs to cease publication of one or more deserving books.  This would have an adverse impact on the creation of new works, on scholarly endeavor, and on scientific progress, by making it more difficult to publish deserving works.

20.    Both publishers and authors alike are deprived of income when their books are unlawfully copied and sold, or when their copyrights are otherwise infringed, which can have serious financial and creative repercussions for them and their work.

21.    In a typical chain of supply within the book publishing/retail industry, wholesalers and distributors obtain their stock of books directly from the publishers and then sell those books to book retailers and other customers.  Plaintiffs' wholesalers thus play a crucial role in Plaintiffs' respective sales and distribution efforts, providing efficient and widespread access to customers and book retailers.

22.    Many of Plaintiffs' customers, including libraries, academic institutions and book retailers, obtain their stock of Plaintiffs' products from wholesalers for

1  many reasons, including that if a customer, such as library, wishes to purchase a
2  number of titles from different publishers, a wholesaler would be in a better position
3  to provide that customer with access to books from across the publishing industry.
4

## PLAINTIFFS' FEDERALLY REGISTERED COPYRIGHTS AND TRADEMARKS

7  **A.     Plaintiffs' Respective Copyright Registrations**

8         23.     Cengage and/or its predecessor-in-interest has duly registered its
9  copyright in: 1) Financial Management: Theory & Practice, Twelfth Edition,
10 Brigham, Registration No. TX-6-560-448 (May 9, 2007); 2) Human Resource
11 Management, Tenth Edition, Mathis/Jackson, Registration No. TX-5-880-745 (April
12 24, 2003); 3) Essential of Business Communication, Eighth Edition, Guffey,
13 Registration No. TX-7-015-501 (July 30, 2009); 4) Principles of Economics, Fourth
14 Edition, Mankiw, Registration No. TX-6-434-553 (September 29, 2006); 5)
15 Principles of Microeconomics, Fourth Edition, Mankiw, Registration No. TX-6-437-
16 003 (September 29, 2006); 6) Principles of Macroeconomics, Fourth Edition,
17 Mankiw, Registration No. TX-6-434-453 (September 29, 2006); 7) Managing
18 Human Resources, Fifteenth Edition, Bohlander, Registration No. TX-6-988-781
19 (July 1, 2009); 8) Intermediate Financial Management, Ninth Edition, Brigham and
20 Daves, Registration No. TX-6-438-595 (September 29, 2006); 9) Fundamentals of
21 Financial Management, Twelfth Edition, Brigham, Houston, Registration No. TX-7-
22 035-007 (September 18, 2009); 10) Statistics for Business and Economics, Tenth
23 Edition, Anderson, Sweeney, Williams, Registration No. TX-6-855-701 (July 14,
24 2008); 11) Calculus, Sixth Edition, Stewart, Registration Nos. TX-6-592-673 (June
25 26, 2007); and 12) Calculus, Eighth  Edition, Larson, Registration No. TX-6-184-
26 997 (July 5, 2005) (collectively the "Cengage Authentic Works").

27        24.     Wiley has duly registered its copyright in: 1) Advanced Engineering
28 Mathematics, Ninth Edition, Erwin Kreyszig, Registration No. TX-6-287-796

(December 19, 2005); 2) Introduction to Statistical Quality Control, Sixth Edition, Douglas C. Montgomery, Registration No. TX-7-185-745 (April 30, 2010); 3) Materials Science and Engineering: An Introduction, Seventh Edition, William J. Callister, Registration No. TX-6-405-304 (June 19, 2006); and 4) Elementary Differential Equations and Boundary Value Problems, Ninth Edition, William E. Boyce, Registration No. TX-7-192-021 (Erwin Kreyszig) (collectively the "Wiley Authentic Works").

25.    McGraw-Hill has duly registered its copyright in: 1) Economics, Eighteenth Edition, Campbell R. McConnell, Stanley L. Bruce, Sean M. Flynn, Registration No. TX-6-961-449 (April 24, 2009); 2) Estimating Construction Costs, Fifth Edition, Robert L. Peurifoy, Garold D. Oberlender, Registration No. TX-5-472-740 (October 10, 2001); 3) Fundamentals of Corporate Finance, Ninth Edition, Stephen A. Ross, Randolph W. Westerfield, Bradford D. Jordan, Registration No. TX-7-054-606 (October 5, 2009); 4) Principles of Corporate Finance, Ninth Edition, Franklin Allen, Stewart C. Meyers, Richard A Brealey, Registration No. TX-6-893-601 (November 19, 2007); 5) Essentials of Investments, Seventh Edition, Zvi Bodine, Alex Kane, Alan J. Marcus, Registration No. TX-6-903-975 (November 16, 2007); 6) Operations Management, Tenth Edition, William J. Stevenson Registration No. TX-7-014-024 (December 19, 2008); and 7) Intermediate Accounting, Fourth Edition, David Spiceland, Registration No. TX-6-325-914 (March 17, 2006) (collectively the "McGraw-Hill Authentic Works").

26.    Pearson and/or its affiliates has duly registered its copyright in:  1) Biology, Eighth Edition, Campbell/Reece, Registration No. TX-6-959-297 (February 18, 2009); 2) Microbiology: An Introduction, Ninth Edition, Tortora, Funke, Case, Registration No. TX-6-328-889 (March 24, 2006); 3) Fundamentals of Anatomy & Physiology, Fourth Edition, Martini, Marieb, Registration No. TX-4-562-005 (October 8, 1997); 4) Chemistry: The Central Science, Eleventh Edition, Brown, LeMay, Bursten, Murphy, Registration No. TX-6-862-056 (August 4, 2008); 5)

1   Management, Tenth Edition, Robbins, Coulter, Registration No. TX-6-929-804
2   (January 7, 2009); 6) Marketing Management, Thirteenth Edition, Kotler, Keller,
3   Registration No. TX-6-937-152 (April 7, 2008); 7) International Economics: Theory
4   and Policy, Eighth Edition, Krugman, Obstfeld, Registration No. TX-6-987-476
5   (March 6, 2008); 8) A First Course in Probability, Eight Edition, Sheldon Ross,
6   Registration No. TX-7-016-155 (January 21, 2009); 9) International Business: The
7   Challenges of Globalization, Fifth Edition, Wild, Wild, Han, Registration No. TX-6-
8   970-471 (April 30, 2009); and 10) Brock Biology of Microorganisms, Twelfth
9   Edition, Madigan, Registration No. TX-6-992-056 (March 14, 2008) (collectively the
10  "Pearson Authentic Works").

11       27.    The Cengage Authentic Works, Wiley Authentic Works, McGraw-Hill
12  Authentic Works, and Pearson Authentic Works are collectively referred to herein as
13  "Plaintiffs' Authentic Works" or "Authentic Works".

14       **B.    Plaintiffs' Respective Trademark Registrations**

15       28.    The Cengage Authentic Works bear Cengage's trademarks and service
16  marks, including the "South-Western" trademark and service mark, which Cengage
17  duly registered on the Principal Register of the United States Patent and Trademark
18  Office ("USPTO") under U.S. Registration No. 3493849. The Cengage Authentic
19  Works also bear the trademark and service mark "Brooks/Cole", which Cengage
20  duly registered with the USPTO under Registration No. 3,386,242. The
21  aforementioned marks are collectively referred to herein as the "Cengage Marks".

22       29.    The Cengage Marks are distinctive and arbitrary and are now
23  incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065. Cengage
24  and/or its predecessors invested decades of effort in building a reputation of quality
25  in the publishing industry, which consumers associate with the Cengage Marks.

26       30.    The Wiley Authentic Works bear the "Wiley" trademark and service
27  mark, which Wiley has duly registered on the Principal Register of the United States
28  Patent and Trademark Office ("USPTO") under U.S. Registration Nos. 1,003,988

and 2,159,987.  The Wiley Authentic Works also bear the "JW" design, which Wiley duly registered with the USPTO under Registration No. 2,168,941.  Both the "Wiley" word mark and "JW" design are now incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.  The aforementioned marks are collectively referred to herein as the "Wiley Marks".

31.   The Wiley Marks are distinctive and arbitrary.  Wiley has invested nearly two hundred years of effort in building a reputation of quality in the publishing industry, which consumers associate with the Wiley Marks.

32.   The McGraw-Hill Authentic Works bear one or more of the following marks, all of which have been duly registered on the Principal Register of the USTPO: a) the "McGraw-Hill" trademark and service mark bearing Registration No. 1,350,345; b) "The McGraw-Hill Companies" trademark and service mark bearing Registration No. 3,317,088; c) the "McGraw Hill McGraw-Hall Irwin" trademark and service mark bearing Registration No. 3,316,962; d) the "Irwin" trademark bearing Registration No. 1,718,118; and e) the "McGraw Hill Connect" service mark bearing Registration No. 3,712,990.  The aforementioned marks are collectively referred to herein as the "McGraw-Hill Marks".

33.   The McGraw-Hill Marks are distinctive and arbitrary.  McGraw-Hill has invested over a century's worth of effort in building a reputation of quality in the publishing industry, which consumers associate with the McGraw-Hill Marks.

34.   The Pearson Authentic Works bear one or more of the following marks: a) the "Pearson" word mark, which was duly registered on the Principal Register of the USPTO under Registration Nos. 2,599,724, 2,679,355, 2,600,081, 2,652,792, 2,691,830, and 2,694,359 all of which are now incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065; b) the "Prentice-Hall" trademark and service mark, bearing Registration Nos. 1,332,044, 1,332,639, and 1,375,654; c) the "Addison Wesley" trademark and service mark bearing Registration Nos. 2,188,798 and 2,400,130; and d) the "Benjamin Cummings" trademark and service mark bearing

Registration Nos. 2,671,773, 2,621,299, and 1,189,279. The Pearson Authentic Works bearing one or more of the aforementioned marks are collectively referred to herein as the "Pearson Marks".

35. The Pearson Marks are distinctive and arbitrary. Pearson is the registered owner and/or authorized licensee and has all rights necessary to sue to enforce the Pearson Marks. Pearson and/or its affiliates has invested centuries of effort in building its reputation of quality educational and literary publishing, which consumers associate with the Pearson Marks.

36. The Cengage Marks, Wiley Marks, McGraw-Hill Marks, and Pearson Marks are collectively referred to herein as "Plaintiffs' Marks".

## COUNTERFEIT COPIES OF PLAINTIFFS' PUBLICATIONS

37. From September 9, 2010 through January 14, 2011, Plaintiffs purchased copies of what appeared to be identical or substantially similar to Plaintiffs' Authentic Works bearing Plaintiffs' Marks through various websites, including but not limited to Amazon.com (hereinafter "Pirated Books).

38. Upon Plaintiffs' analysis of the Pirated Books, Plaintiffs determined that the books were counterfeit copies of Plaintiffs' Authentic Works, bearing Plaintiffs' Marks. Based on Plaintiffs' preliminary investigation, it appears that some or all of the Pirated Books were manufactured in Asia.

39. Upon information and belief, Plaintiffs allege that Defendants are engaged in the unauthorized and illegal manufacture and/or distribution of the Pirated Books, including but not limited to illegal copying of Plaintiffs' Authentic Works bearing Plaintiffs' Marks. Defendants do no operate a website, or any other public method of identifying their business but rather operate their illegal business under pseudonyms and utilizing third party websites, including but not limited to Amazon.com, PayPal and Gmail.

40. Upon information and belief, Defendants offer the Pirated Books for

1    sale and identify or characterize the books as being "Used", "Like New", or "New".

2        41.    Upon information and belief, Defendants either commissioned and/or

3    participated in the production of the Pirated Books, or intentionally purchased

4    counterfeits of Plaintiff's Authentic Works in a deliberate effort to purchase

5    counterfeit copies of Plaintiffs' products at a materially cheaper price than they

6    would be required to pay had they purchased Plaintiffs' products directly from the

7    respective publishers or from legitimate wholesalers, pursuant to the custom and

8    practice of the bookselling industry.   In so doing, upon information and belief,

9    Defendants deliberately evaded Plaintiffs or other legitimate sources of the products

10   in question, and they chose instead to manufacture or source illegal and counterfeit

11   copies of Plaintiffs' products outside of the United States, for the purpose of

12   importing, illegally distributing and reselling such copies to consumers in the United

13   States and elsewhere, in violation of Plaintiffs' intellectual property rights.

14       42.    Upon information and belief, Defendants directly and personally

15   purchased illegal copies of Plaintiffs' textbooks for the purpose of importing and

16   illegally distributing and reselling such copies to consumers in the United States and

17   elsewhere.   Upon information and belief, Defendants knowingly supervised such

18   infringing and illegal activity in violation of Plaintiffs' intellectual property rights,

19   and had a direct financial interest in, and stood to gain a direct financial benefit from,

20   such deliberate infringing activity.

21       43.    Upon information and belief, in engaging in the illegal conduct alleged

22   above, in addition to directly organizing and effectuating such infringing activities,

23   Defendants also personally induced, caused, and materially contributed to such

24   infringing conduct on behalf of Defendants.

25       44.    Upon information and belief, Defendants did more than supply the

26   means to facilitate the infringement of Plaintiffs' intellectual property rights.  They

27   also substantially participated in, and orchestrated, such infringing activities.

28       45.    Upon information and belief, Defendants conspired and acted in concert

with one another to accomplish their scheme to commit the above acts, which they knew would violate Plaintiffs' intellectual property rights, including their copyrights and trademark rights in the Plaintiffs' Authentic Works and other works.

46.   Upon information and belief, Defendants directed and controlled the infringing activities alleged in this Complaint and were and are in a position to benefit economically from the infringement of Plaintiffs' intellectual property rights, which they orchestrated.

47.   Upon information and belief, Defendants were fully aware of the illegality of their efforts to purchase, import and distribute pirated copies of Plaintiffs' merchandise, including the Pirated Books.  Upon information and belief, Defendants imported what they knew to be counterfeit copies of the Plaintiffs' Authentic Works without Plaintiffs' knowledge or authorization.

48.   Upon information and belief, Defendants have intentionally and deliberately sold an unknown number of Pirated Books through their physical location maintained for such purposes by Defendants, and/or via internet websites. In so doing, Defendants have intentionally deprived Plaintiffs and the authors of the Authentic Works of the profits Plaintiffs could have obtained from such sales, and have thereby intentionally thwarted and hindered Plaintiffs' abilities to sell to such customers in the United States.  In so doing, Defendants have also knowingly restricted and interfered with Plaintiffs' ability to control and exploit their distribution plans in this District, in the State of California, and elsewhere in the United States.  In so doing, Defendants also have knowingly infringed Plaintiffs' Marks.

49.   Although the Pirated Books are inferior to Plaintiffs' Authentic Works, actual and prospective purchasers, and others who are familiar with Plaintiffs' products, and their trademarks, are likely to believe that the Pirated Books are Plaintiffs' authentic publications.  This weakens, blurs, and tarnishes Plaintiffs' respective trademarks.  It further injures Plaintiffs' business reputations by causing

1  their trademarks and the goodwill associated with them to be confused or mistakenly

2  associated with a group or series of textbooks of lesser quality, as alleged above.

3

4  ## FIRST CLAIM FOR RELIEF

5  **Copyright Infringement Under 17 U.S.C. §§ 101 *et seq.***

6  **(Against All Defendants)**

7      50.    Plaintiffs hereby restate and incorporate by reference all allegations

8  contained in paragraphs 1-49 above.

9      51.    Plaintiffs' Authentic Works constitute original works and copyrightable

10 subject matter pursuant to the Copyright Act, and they have been duly registered by

11 Plaintiffs and/or their affiliates or predecessors-in-interest with the United States

12 Copyright Office and published by Plaintiffs in strict conformity with the Copyright

13 Act and all laws governing copyrights.

14     52.    At all relevant times, Plaintiffs and/or their affiliates or predecessors-in-

15 interest have been and still are the owners of all rights, title and interest in and to

16 their respective copyrights in Plaintiffs' Authentic Works, which have never been

17 assigned, licensed or otherwise transferred to any of the Defendants, nor have such

18 rights been assigned, licensed or otherwise transferred to Defendants, nor have such

19 rights in Plaintiffs' Authentic Works been dedicated to the public.  Plaintiffs have all

20 rights necessary to sue to enforce Plaintiffs' Authentic Works.

21     53.    Upon information and belief, beginning on an unknown date and

22 continuing through the present, Defendants, with knowledge of Plaintiffs' respective

23 ownership of the Authentic Works, and with knowledge of Plaintiffs' duly registered

24 copyrights in the Authentic Works, have infringed Plaintiffs' copyrights by, among

25 other things, deliberately purchasing, manufacturing, importing, distributing, and

26 reselling the Pirated Books for profit, without the permission, license or consent of

27 Plaintiffs.

28     54.    Defendants also have infringed Plaintiffs' exclusive rights to reproduce,

import, distribute and to authorize reproduction, importation and distribution of the copyrighted Authentic Works to the public by sale or other transfer of ownership, by, among other things, importing the Pirated Books from Asia, and possibly elsewhere, from manufacturers whose products Defendants knew or should have known were unauthorized and illegal, or alternatively, by securing the manufacture of the Pirated Books and by distributing the Pirated Books in the United States, and possibly elsewhere, without the permission, license or consent of Plaintiffs.

55.   As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

56.   Upon information and belief, Defendants' unlawful conduct, as set forth above, was deliberate, intentional, malicious and willful.

57.   By virtue of Defendants' infringing acts, Plaintiffs are entitled to recover Plaintiffs' actual damages plus Defendants' profits, Plaintiffs' costs of suit and attorneys' fees, and all other relief permitted under the Copyright Act.   At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiffs and will be established according to proof at trial.

58.   Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless Defendants are restrained by this Court from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future.   Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement.

## SECOND CLAIM FOR RELIEF

**Copyright Infringement By Violation Of Import Right Under 17 U.S.C. § 602**

**(Against All Defendants)**

59.   Plaintiffs hereby restate and incorporate by reference all allegations contained in paragraphs 1-58 above.

60.   Plaintiffs' Authentic Works constitute original works and copyrightable subject matter pursuant to the Copyright Act, and have been duly registered by Plaintiffs and/or their affiliates or predecessors-in-interest with the United States Copyright Office and published by Plaintiffs in strict conformity with the Copyright Act and all laws governing copyrights.

61.   At all relevant times, Plaintiffs and/or their affiliates or predecessors-in-interest have been and still are the owners of all rights, title and interest in and to their respective copyrights in the Authentic Works, which have never been assigned, licensed or otherwise transferred to any of the defendants, nor have such rights been assigned, licensed or otherwise transferred to Defendants, nor have such rights in the Authentic Works been dedicated to the public. Plaintiffs have all rights necessary to sue to enforce Plaintiffs' Authentic Works.

62.   Upon information and belief, on a date to be determined at trial, Defendants deliberately sought out what they knew to be a source of illegal and counterfeit copies of Plaintiffs' products, including the Authentic Works, with the intention of purchasing such counterfeit copies, importing such copies into the United States and selling those copies through various mediums, to an unknown number of actual and potential customers in the United States, all without Plaintiffs' permission or knowledge.

63.   The source of the Pirated Books that Defendants intentionally purchased and imported for infringing distribution and sale, namely from an unknown Asian source, is not a licensed manufacturer, distributor or licensee of any of the Plaintiffs. Upon information and belief, Defendants knew the remaining Doe defendants are not authorized manufacturers, distributors or licensees of Plaintiffs.

64.   Upon information and belief, Defendants imported infringing and counterfeit copies of Plaintiffs' Authentic Works and other works which were printed outside of the United States, from Asia and possibly elsewhere, into the United States with the intention and purpose of distributing and selling such

1 counterfeit copies in the United States and elsewhere, in violation of Plaintiffs'

2 exclusive rights to import and distribute their works pursuant to 17 U.S.C. § 602.

3     65.    Upon information and belief, beginning on an unknown date, and

4 continuing through the present, Defendants, with knowledge of Plaintiffs' respective

5 ownership of the Authentic Works, and with knowledge of Plaintiffs' duly registered

6 copyrights in the Authentic Works, have infringed Plaintiffs' import rights by,

7 among other things, deliberately purchasing, importing, distributing, and reselling

8 the Pirated Books for profit, without the permission, license or consent of Plaintiffs.

9     66.    As a result of Defendants' unlawful and deliberate conduct as set forth

10 above, Plaintiffs have been, and will continue to be, damaged.

11     67.    Upon information and belief, Defendants' unlawful conduct, as set forth

12 above, was deliberate, intentional, malicious and willful.

13     68.    By virtue of Defendants' infringing acts, Plaintiffs are entitled to

14 recover Plaintiffs' actual damages plus Defendants' profits, Plaintiffs' costs of suit

15 and attorneys' fees, and all other relief permitted under the Copyright Act. At

16 present, the amount of such damages, gains, profits, and advantages cannot be fully

17 ascertained by Plaintiffs and will be established according to proof at trial.

18     69.    Defendants' actions described above have caused and will continue to

19 cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law.

20 Unless Defendants are restrained by this Court from continuing their infringement of

21 Plaintiffs' copyrights, these injuries will continue to occur in the future. Plaintiffs

22 are accordingly entitled to injunctive relief restraining Defendants from further

23 infringement.

24

25 **THIRD CLAIM FOR RELIEF**

26 **Contributory Copyright Infringement Under 17 U.S.C. §§ 101 *et seq.***

27 **(Against All Defendants)**

28     70.    Plaintiffs hereby restate and incorporate by reference all allegations

contained in paragraphs 1-69 above.

71.     Upon information and belief, in addition to committing the direct acts of infringement alleged herein, Defendants, individually and in concert, directly and intentionally sought out an illegal source to counterfeit Plaintiffs' publications in Asia and possibly elsewhere, purchased such illegal copies with knowledge of their counterfeit nature and status, and imported, illegally distributed and sold such copies to consumers in the United States and elsewhere to Plaintiffs' detriment.

72.     Upon information and belief, Defendants supervised such infringing and illegal activity in violation of Plaintiffs' intellectual property rights, and each had a direct financial interest in, and stood to gain a direct financial benefit from, their deliberate, malicious and infringing activity.

73.     Upon information and belief, by engaging in the illegal conduct alleged above, and in addition to directly organizing and effectuating such infringing activities, Defendants each also induced, caused, and materially contributed to such infringing conduct on behalf of Defendants and with respect to the infringing activities of each of the other Defendants and/or any infringing business or enterprise with which Defendants are affiliated.

74.     Upon information and belief, Defendants each did more than supply the means to facilitate and accomplish the infringement of Plaintiffs' copyrights, but rather they also substantially participated in, and deliberately orchestrated such infringing activities to Plaintiffs' detriment.

75.     Upon information and belief, all Defendants conspired and acted in concert with one another to accomplish their scheme to commit the above acts, which they knew would damage, violate and infringe Plaintiffs' copyrights in the Authentic Works and other works.

76.     Upon information and belief, all Defendants directed and controlled the infringing activities alleged in this Complaint and were and are in a position to benefit economically from the infringement of Plaintiffs' intellectual property rights

1  which they so orchestrated.

2      77.   As a result of the Defendants' unlawful and deliberate conduct as set
3  forth above, Plaintiffs have been, and will continue to be, damaged.

4      78.   Upon information and belief, Defendants' unlawful conduct, as set forth
5  above, was deliberate, intentional, malicious and willful.

6      79.   As a result of Defendants' unlawful conduct as set forth above, all
7  Defendants, in addition to their liability for direct infringement of Plaintiffs'
8  copyrights, are jointly and severally liable for contributory infringement of Plaintiffs'
9  copyrights and other intellectual property rights.

10      80.   Plaintiffs are entitled to recover from Defendants the damages they have
11  sustained and will sustain, and any gains, profits, and advantages obtained and
12  enjoyed by Defendants as a result of their acts of copyright infringement as alleged
13  above.  At present, the amount of such damages, gains, profits, and advantages
14  cannot be fully ascertained by Plaintiffs and will be established according to proof at
15  trial.

16      81.   Defendants' actions described above have caused and will continue to
17  cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law.
18  Unless Defendants are restrained by this Court from continuing their infringement of
19  Plaintiffs' copyrights, these injuries will continue to occur in the future.  Plaintiffs
20  are accordingly entitled to injunctive relief restraining Defendants from further
21  infringement.

## FOURTH CLAIM FOR RELIEF

### Vicarious Copyright Infringement Under 17 U.S.C. §§ 101 *et seq.*

### (Against All Defendants)

26      82.   Plaintiffs hereby restate and incorporate by reference all allegations
27  contained in paragraphs 1-81 above.

28      83.   Upon information and belief, in addition to committing the direct and

contributory acts of infringement alleged herein, Defendants, individually and in concert, encouraged and facilitated the illegal copying of counterfeit Plaintiffs' publications in Asia and possibly elsewhere, by purchasing such illegal copies with knowledge of their counterfeit nature and status, and then importing, illegally distributing and selling such copies to consumers in the United States and elsewhere to Plaintiffs' detriment.

84.   Upon information and belief, Defendants facilitated such infringing and illegal activity in violation of Plaintiffs' intellectual property rights, and each had a direct financial interest in, and stood to gain a direct financial benefit from, the deliberate, malicious and infringing activity.

85.   Upon information and belief, by engaging in the illegal conduct alleged above, in addition to directly organizing and effectuating such infringing activities, Defendants each also induced, caused, and materially contributed to such infringing conduct on behalf of Defendants and with respect to the infringing activities of the other defendants and/or any infringing business or enterprise with which the other defendants are affiliated.

86.   Upon information and belief, Defendants each did more than supply the means to effectuate the infringement of Plaintiffs' copyrights, but rather they also substantially participated in, and stood to benefit financially from, such infringing activities to Plaintiffs' detriment.

87.   Upon information and belief, all Defendants conspired and acted in concert with one another to accomplish their scheme to commit the above acts, which they knew would damage, violate and infringe Plaintiffs' copyrights in the Authentic Works and other works.

88.   Upon information and belief, in addition to organizing, orchestrating and participating in the alleged infringements of Plaintiffs' copyrights, Defendants also were and are in a position to benefit economically from the infringement of Plaintiffs' intellectual property rights which they so orchestrated.

89.   As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

90.   Upon information and belief, Defendants' unlawful conduct, as set forth above, was deliberate, intentional, malicious and willful.

91.   As a result of Defendants' unlawful conduct as set forth above, Defendants, in addition to their liability for direct and contributory infringement of Plaintiffs' copyrights, are jointly and severally liable for vicarious infringement of Plaintiffs' copyrights and other intellectual property rights.

92.   Plaintiffs are entitled to recover from Defendants the damages they have sustained and will sustain, and any gains, profits, and advantages obtained and enjoyed by Defendants as a result of their acts of copyright infringement as alleged above.   At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiffs and will be established according to proof at trial.

93.   Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless Defendants are restrained by this Court from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future.   Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement.

## FIFTH CLAIM FOR RELIEF

### Infringement of Federally-Registered Trademarks Under 15 U.S.C. § 1114

### (Against Defendants)

94.   Plaintiffs hereby restate and incorporate by reference all allegations contained in paragraphs 1-93 above.

95.   This claim, arising under Section 32 of the Lanham Act [15 U.S.C. § 1114], is for infringement of trademarks registered to Plaintiffs in the United States

1    Patent and Trademark Office.

2        96.    Without Plaintiffs' authorization, Defendants are producing, marketing,

3    offering for sale, and selling in commerce textbooks under Plaintiffs' Marks.

4        97.    Defendants aforesaid uses of Plaintiffs' Marks have caused and are

5    likely to continue to cause confusion, mistake, and/or deception as to the source or

6    origin of Defendants goods, in that the public, and others, are likely to believe that

7    Defendants' goods are provided by, sponsored by, approved by, licensed by,

8    affiliated with, or in some other way legitimately connected with Plaintiffs, all to

9    Plaintiffs' irreparable harm.

10       98.    Plaintiffs are informed and believe, and on that basis allege, that

11   Defendants will continue to use Plaintiffs' Marks unless enjoined.

12       99.    Defendants, by their above-enumerated acts, willfully and knowingly

13   have violated and infringed Plaintiffs' rights in and to the federally-registered Marks,

14   in violation of Section 32 of the Lanham Act [15 U.S.C. § 1114], and Defendants

15   threaten to further violate and infringe Plaintiffs' said rights.

16       100.   Plaintiffs are entitled to an order restraining and permanently enjoining

17   Defendants from further use of Plaintiffs' Marks under 15 U.S.C. § 1116(a).

18       101.   Because of Defendants' infringement, Plaintiffs have been injured and

19   damaged, and are entitled to recover damages, Defendants' profits, and costs

20   pursuant to 15 U.S.C. § 1117.  Plaintiffs are unable, at present, to ascertain the full

21   extent of the monetary damages it has suffered by Defendants' said acts.

22       102.   Defendants' aforesaid conduct was intentional, or deliberately reckless,

23   and without foundation in law.  Accordingly, Plaintiffs are entitled to an award of

24   treble damages against Defendants, under 15 U.S.C. § 1117(a).

25       103.   The nature and scope of Defendants aforesaid acts make this an

26   exceptional case, warranting attorneys' fees and costs, under 15 U.S.C. § 1117(a).

27

28

# SIXTH CLAIM FOR RELIEF

## Trademark Counterfeiting Under 15 U.S.C. § 1114(1)(a)

### (Against All Defendants)

104.   Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 103 as though fully set forth herein

105.   Defendants are infringing the federally registered Plaintiffs' Marks though their use in commerce of a reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Marks, in connection with the sale, offering for sale, marketing, distributing, or advertising of textbooks, with such use being likely to cause confusion, to cause mistake, or to deceive the public.

106.   Defendants are intentionally using Plaintiffs' Marks on unauthorized product.  Defendants are intentionally infringing upon Plaintiffs' trademark rights in order to further their own business enterprises.

107.   Because of Defendants' intentional counterfeiting, Plaintiffs are being injured and damaged, and are entitled to recover costs, treble damages or profits, whichever is greater, and reasonable attorneys' fees under 15 U.S.C. § 1117(b).

108.   Because Defendants' counterfeiting was willful, Plaintiffs may elect statutory damages in the amount of $1,000,000 per counterfeit mark if such relief is greater than each Plaintiffs' actual damages under 15 U.S.C. § 1117(c)(2).

109.   The counterfeiting by Defendants of Plaintiffs' Marks has caused and will continue to cause serious and irreparable injury to the reputation and goodwill of Plaintiffs for which Plaintiffs have no adequate remedy at law.

# SEVENTH CLAIM FOR RELIEF

## Trafficking in Counterfeit Documentation or Labels Under 18 U.S.C. § 2318

### (Against All Defendants)

110.   Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 109 as though fully set forth herein.

1    111.   Upon information and belief, Defendants have knowingly and willfully
2  trafficked into the United States counterfeit documentation and labels affixed to the
3  literary works in the form of the Pirated Books.

4    112.   Upon information and belief, Defendants knowingly used the United
5  States mail/postal service or a facility of interstate or foreign commerce to traffic in
6  counterfeit documentation and labels affixed to the Pirated Books.

7    113.   Upon information and belief, Defendants have been using counterfeit
8  labels or counterfeited documentation or packaging, and continue to use counterfeits
9  of Plaintiffs' copyrighted label, documentation, and packaging in commerce, in
10  connection with their sale and distribution of counterfeit textbooks, including
11  counterfeit copies of the Authorized Works.

12    114.   Plaintiffs' labels, documentation or packaging, which are registered
13  with the United States Copyright Office and the United States Patent and Trademark
14  Office, are substantially similar to the counterfeit labels, documentation or packaging
15  used by the Defendants in connection with the Pirated Books, and appear to be
16  genuine, but are not.

17    115.   Plaintiffs are entitled to recover from Defendants the damages they have
18  sustained and will sustain, and any gains, profits, and advantages obtained and
19  enjoyed by Defendants as a result of their violation of 18 U.S.C.S. § 2318 as alleged
20  above, or statutory damages as provided in 18 U.S.C.S. § 2318.  At present, the
21  amount of such damages, gains, profits, and advantages cannot be fully ascertained
22  by Plaintiffs and will be established according to proof at trial.

23
24                    **EIGHTH CLAIM FOR RELIEF**
25  **Illegal Importation of Goods Bearing Infringing United States Trademarks or**
26              **Names Under 15 U.S.C. § 1124 and 19 U.S.C. § 1526**
27                        **(Against All Defendants)**
28    116.   Plaintiffs reallege and incorporate herein by reference the allegations of

1    paragraphs 1 through 115 as though fully set forth herein.

2        117.  On information and belief, Defendants have knowingly imported
3    counterfeit copies, of foreign manufacture, of the Authorized Works, which imitate
4    the name of Plaintiffs' manufacturer and copy Plaintiffs' Authentic Works, including
5    their trademarks, which are registered with the United States Copyright Office and
6    the United States Patent and Trademark Office respectively.

7        118.  On information and belief, by importing counterfeit copies of Plaintiffs'
8    Authentic Works, Defendants have willfully used counterfeit trademarks which
9    cause confusion as to the origin, sponsorship, and/or approval of the Pirated Books,
10   and which are calculated to induce the public to believe that the Pirated Books were
11   authentically manufactured.

12       119.  At least some of the Plaintiffs' manufacture some of their Authentic
13   Works in the United States.  On information and belief, Defendants are importing
14   counterfeit copies of said Authentic Works claiming the Pirated Books were
15   authentically manufactured in the United States when in fact they were manufactured
16   in Asia, and elsewhere overseas.

17       120.  Plaintiffs are entitled to recover from Defendants the damages they have
18   sustained and will sustain, and any gains, profits, and advantages obtained and
19   enjoyed by Defendants as a result of their violation of 15 U.S.C. §§ 1124 and 19
20   U.S.C. § 1526 as alleged above.  At present, the amount of such damages, gains,
21   profits, and advantages cannot be fully ascertained by Plaintiffs and will be
22   established according to proof at trial.

23

24                        **NINTH CLAIM FOR RELIEF**

25          **Trademark Dilution In Violation of 15 U.S.C. § 1125(c)**

26                         **(Against All Defendants)**

27       121.  Plaintiffs reallege and incorporate herein by reference the allegations of
28   paragraphs 1 through 120 as though fully set forth herein.

122.   Plaintiffs' Marks are famous marks entitled to protection from dilution under 15 U.S.C. § 1125(c).   Moreover, Plaintiffs have taken reasonable steps to preserve the integrity and image of their Marks.

123.   Defendants' unauthorized, intentional and intended use of Plaintiffs' Marks in commerce has led to the dilution of the distinctive quality of Plaintiffs' Marks including, but not limited to, the blurring and tarnishing of Plaintiffs' Marks, in violation of 15 U.S.C. § 1125(c).   Defendants' actions have lessened or have the tendency to lessen the capacity of consumers to distinguish the goods and services of Plaintiffs.

124.   Defendants intentionally and willfully traded upon Plaintiffs' renowned reputation and goodwill, and willfully sought to dilute the famous Plaintiffs' Marks. Defendants' conduct is intentionally fraudulent, malicious, willful, and wanton.

125.   As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered irreparable harm to their valuable marks.   Unless Defendants are restrained from further infringement of Plaintiffs' Marks, Plaintiffs will continue to be irreparably harmed.

126.   Plaintiffs have no adequate remedy at law to compensate them for the continued and irreparable harm they will suffer if Defendants' acts are allowed to continue.

127.   As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of Plaintiffs' Marks under 15 U.S.C. § 1117(a).

128.   Plaintiffs seek treble damages, treble Defendants' profits, costs and fees, and prejudgment interest, as well as orders to desist from manufacturing and distributing goods bearing Plaintiffs' Marks and as provided in 15 U.S.C. § 1117(a).

///

///

## TENTH CLAIM FOR RELIEF

### Federal Unfair Competition And False Designation of Origin

### In Violation of 15 U.S.C. § 1125(a)

### (Against All Defendants)

129.   Plaintiffs hereby restate and incorporate by reference all allegations contained in paragraphs 1-128 above.

130.   Defendants' acts and conduct constitute a false designation of origin, and are likely to cause confusion or mistake, or deceive as to affiliation, connection, or association of Defendants with Plaintiffs, and as to origin, sponsorship, and/or approval of such products by Plaintiffs.

131.   Defendants' use in commerce of Plaintiffs' Marks, on or in connection with their products, constitutes a false designation or origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

132.   Defendants' unauthorized use of Plaintiffs' Marks on or in connection with their business and/or its products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiffs.  Plaintiffs are informed and believe, and on that basis allege, that Defendants willfully used and continue to use Plaintiffs' Marks with the intent to confuse, mislead, or deceive consumers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of the products, and with the intent to trade on the reputation and goodwill of Plaintiffs' Marks that were acquired by each of the respective Plaintiffs.

133.   As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered irreparable harm to the valuable Plaintiffs' Marks.  Unless Defendants are restrained from further infringement of Plaintiffs' Marks, Plaintiffs will continue to be irreparably harmed.

134.   Defendants' acts of unfair competition, false designation, description and representation are causing Plaintiffs irreparable injury.  Defendants continue to commit such acts, and unless restrained and enjoined, will continue to do so, to

1  Plaintiffs' irreparable injury.  Plaintiffs' remedy at law is inadequate to compensate
2  them for injuries inflicted and threatened by Defendants.

3        135.   Because of Defendants' conduct in violation of Section 43(a) of the
4  Lanham Act, Plaintiffs are being injured and damaged, and are entitled to recover
5  damages, Defendants' profits, and costs under 15 U.S.C. §1117(a).

6        136.   Defendants' used and are continuing to use Plaintiffs' Marks with full
7  knowledge of Plaintiffs' rights, and in bad faith with willful and deliberate intent to
8  trade on the substantial recognition, reputation, and goodwill of Plaintiffs' Marks.  In
9  view of the willful nature of Defendants' infringement and unfair competition, this is
10 an exceptional case within the meaning of 15 U.S.C. §1117(a).

11

12                  **ELEVENTH CLAIM FOR RELIEF**
13               **California Unfair Competition Law**
14     **In Violation of Code of Business & Profession §17200, *et seq*.**
15                    **(Against All Defendants)**

16        137.  Plaintiffs hereby restate and incorporate by reference all allegations
17 contained in paragraphs 1-136 above.

18        138.  Defendants aforesaid conduct, as alleged in Plaintiffs' First Through
19 Tenth Claims for Relief, constitute unfair, unlawful, and fraudulent business
20 practices in violation of California's Business and Professions Code § 17200, *et seq*.

21        139.  The wrongful acts of Defendants proximately have caused and will
22 continue to cause Plaintiffs' substantial injury, including loss of customers, injury to
23 its goodwill, confusion for potential customers, injury to its reputation, and
24 diminution in value of Plaintiffs' Marks.   These actions will cause imminent
25 irreparable harm and injury to Plaintiffs, the amount of which will be difficult to
26 ascertain, if they continue.  Plaintiffs are without an adequate remedy at law.

27        140.   Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiffs are entitled to an
28 order, enjoining Defendants against further acts in violation of the UCL, and

1 | directing that Defendants disgorge all profits obtained as a result of their unfair and
2 | unlawful acts.

3

4 | **PRAYER FOR RELIEF**

5 | By reason of the acts and circumstances alleged above, Plaintiffs seek
6 | relief from this Court as follows:

7 |         1.    Damages and/or restitution according to proof at trial, including
8 | exemplary damages where authorized by statute;

9 |         2.    An accounting and disgorgement of Defendants' profits, gains, and
10 | advantages realized from their unlawful conduct;

11 |         3.    That Defendants be required to pay to Plaintiffs such damages as
12 | Plaintiffs have sustained as a consequence of Defendants' unlawful acts as alleged
13 | above, including actual damages or statutory damages, at Plaintiffs' election, pursuant
14 | to 17 U.S.C. § 504;

15 |         4.    An order enjoining Defendants from further infringing upon
16 | Plaintiffs' respective copyrights, pursuant to 17 U.S.C. § 502;

17 |         5.    That Defendants be required to pay Plaintiffs such damages as
18 | Plaintiffs' have sustained as a consequence of Defendants' unlawful acts as alleged
19 | above, including statutory damages or treble damages, pursuant to 15 U.S.C. § 1117;

20 |         6.    That Defendants be required to deliver up for destruction all
21 | products, packaging, labels, literature, advertising and other material bearing
22 | imitations or reproductions, including confusingly similar variations of, Plaintiffs'
23 | respective marks pursuant to 15 U.S.C. § 1118;

24 |         7.    That Defendants be required to pay actual damages and profits or
25 | statutory damages, at Plaintiffs' election, pursuant to 18 U.S.C. § 2318;

26 |         8.    An order enjoining Defendants from further infringing upon
27 | Plaintiffs' respective trademarks pursuant to 15 U.S.C. § 1116;

28 | ///

1          9.    An order preventing the further unfairly competitive acts by

2    Defendants;

3          10.   For prejudgment interest at the applicable rate;

4          11.   Punitive damages;

5          12.   For attorneys' fees costs and costs of suit; and

6          13.   For such other and further relief the Court deems proper.

7

8    DATED:  April 29, 2011          JONATHAN M. GORDON
                                     CASONDRA K. RUGA
9                                    **ALSTON & BIRD LLP**

10

11                                   _____
                                     Casondra K. Ruga
12                                   Attorneys for Plaintiffs
                                     CENGAGE LEARNING, INC., JOHN WILEY &
13                                   SONS, INC., THE McGRAW-HILL COMPANIES,
                                     INC., and PEARSON EDUCATION, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2      Plaintiffs' CENGAGE LEARNING, INC., JOHN WILEY & SONS, INC., THE

3  McGRAW-HILL   COMPANIES,   INC.,   and   PEARSON   EDUCATION,   INC.

4  respectfully request a jury trial on all issues thereby triable.

5

6  DATED:  April 29, 2011

7

JONATHAN M. GORDON
CASONDRA K. RUGA
**ALSTON & BIRD LLP**

8

9

10
Casondra K. Ruga
Attorneys for Plaintiffs
CENGAGE LEARNING,  INC., JOHN WILEY &
SONS, INC., THE McGRAW-HILL COMPANIES,
INC., and PEARSON EDUCATION, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO COUNSEL
## (MAGISTRATE JUDGE CIVIL CONSENT PILOT PROJECT)

*The court has directed that the following rules be specifically called to your attention:*

    I.     Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge [28 U.S.C. § 636(c) and General Order 08-09].

    II.    Continuing Obligation to Report Related Cases (Local Rule 83-1.3.3)

    III.   Service of Papers and Process (Local Rule 4)

**I.    NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A CIVIL CASE BY A UNITED STATES MAGISTRATE**

    ***Pursuant to Local Rule 73-2, the initiating party must serve this notice and consent form CV-11C on each party at the time of service of the summons and complaint or other initial pleading.***

    This case has been randomly assigned to Magistrate Judge _Choolian_ under the Civil Consent Pilot Project in accordance with General Order 08-09. The case number on all documents filed with the court should read as follows: **CV11 03738**

    The parties are advised that they may consent to have the assigned magistrate judge conduct all further proceedings in the case, including trial and final entry of judgment pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. The parties may consent to proceed only before the assigned magistrate judge.

    **The parties are further advised that they are free to withhold consent without adverse substantive consequences. If the parties agree to the exercise of jurisdiction by the magistrate judge, the parties shall jointly or separately file a statement of consent setting forth such election. For cases originally filed in district court and initially assigned only to a magistrate judge, the statement of consent shall be filed within 30 days after service of the summons and complaint upon that defendant, and within 30 days by plaintiff after service upon the first-served defendant.**

    **For cases removed from state court and initially assigned only to a magistrate judge, a joint or separate statements of consent shall be filed by plaintiff and all defendants upon whom service has been effected, within 11 days after the notice of removal is filed.**

    Since magistrate judges do not handle felony criminal trials, civil trial dates are not at risk of being preempted by a felony criminal trial, which normally has priority. Further, in some cases, the magistrate judge may be able to assign an earlier trial date than a district judge. There may be other advantages or disadvantages which you will want to consider.

    Any appeal from a judgment of the magistrate judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the district court in accordance with 28 U.S.C. §636(c)(3).

    If a party has not consented to the exercise of jurisdiction by the magistrate judge within the time

---

Jonathan M. Gordon (State Bar No. 82202)
Casondra K. Ruga (State Bar No. 237597)
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENGAGE LEARNING, INC.; *see Attached* PLAINTIFF(S) <br><br> V. <br><br> DOES 1-25 DEFENDANT(S). | CASE NUMBER <br><br> **CV11 03738 JC** <br><br> **SUMMONS** |

TO:DEFENDANT(S): <u>DOES 1-25</u>

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Jonathan M. Gordon</u>, whose address is <u>ALSTON & BIRD LLP 333 South Hope Street, 16th Floor, Los Angeles, California, 90071</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____ APR 2 9 2011 _____

By: _____ **CHRISTOPHER POWERS** _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

American LegalNet, Inc.
www.USCourtForms.com

1  Jonathan M. Gordon (State Bar No. 82202)
   jonathan.gordon@alston.com
2  Casondra K. Ruga (State Bar No. 237597)
   casondra.ruga@alston.com
3  **ALSTON & BIRD LLP**
   333 South Hope Street, 16th Floor
4  Los Angeles, California 90071
   Telephone:  (213) 576-1000
5  Facsimile: (213) 576-1100

6  Attorneys for Plaintiffs
   **CENGAGE LEARNING,  INC., JOHN WILEY & SONS, INC.,**
7  **THE McGRAW-HILL COMPANIES, INC., and**
   **PEARSON EDUCATION, INC.**

8

9  **UNITED STATES DISTRICT COURT**

10 **CENTRAL DISTRICT OF CALIFORNIA**

11 CENGAGE LEARNING,  INC., a Delaware
   corporation; JOHN WILEY & SONS, INC.,
12 a New York corporation; THE McGRAW-
   HILL COMPANIES, INC., a New York
13 Corporation; and PEARSON EDUCATION,
   INC., a Delaware corporation,

14           Plaintiffs,

15 v.

16 DOES 1-25;

17           Defendants.

Case No. **CV11  03738 JC**

**COMPLAINT FOR:**

1. **COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 et al.);**
2. **COPYRIGHT INFRINGEMENT (17 U.S.C. § 602);**
3. **CONTRIBUTORY COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 et al.);**
4. **VICARIOUS COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 et al.);**
5. **TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**
6. **COUNTERFEITING (15 U.S.C. § 1114);**
7. **TRAFFICKING IN COUNTERFEIT DOCUMENTATION (18 U.S.C. § 2318);**
8. **ILLEGAL IMPORTATION OF GOODS (15 U.S.C. § 1124 AND 19 U.S.C. § 1526)**
9. **TRADEMARK DILUTION (15 U.S.C. § 1125(c);**
10. **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a));**
11. **UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200)**

**DEMAND FOR JURY TRIAL**

COMPLAINT

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CENGAGE LEARNING, INC., a Delaware corporation; JOHN WILEY & SONS, INC., a New York corporation; THE McGRAW-HILL COMPANIES, INC., a New York Corporation; and PEARSON EDUCATION, INC., a Delaware corporation

**DEFENDANTS**
DOES 1-25

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Jonathan M. Gordon
Casondra K. Ruga
ALSTON & BIRD LLP
333 So. Hope Street, 16th Floor, Los Angeles, California 90071
Telephone: (213) 576-1000

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          ☒ **MONEY DEMANDED IN COMPLAINT:** $in excess of $250,000.0

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Infringement, 17 U.S.C. §§ 101 et seq.; Trademark Infringement, 15 U.S.C. §§ 1114 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 446 American with Disabilities – Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | | ☐ 220 Foreclosure | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | | | ☐ 440 Other Civil Rights | | |

**FOR OFFICE USE ONLY:** Case Number: _____   CV11  03738

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                   CIVIL COVER SHEET                                   Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | CENGAGE LEARNING,  INC., a Delaware corporation; JOHN WILEY & SONS, INC.,  a New York corporation; McGRAW-HILL COMPANIES, INC., a New York Corporation; and PEARSON EDUCATION, INC., a Delaware corporation |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| unknown at this time | unknown at this time |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles, California | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date   April 29, 2011

Casondra K. Ruga

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com