UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CENGAGE LEARNING, INC., a Delaware corporation; JOHN WILEY & SONS, INC., a New York corporation; THE McGRAW-HILL COMPANIES, INC., New York Corporation; and PEARSON EDUCATION, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AIM DISCOVERY, INC., a California Corporation; INFINITI FURNISHINGS, INC., a California Corporation; DERRICK FOONG, AKA CHIN WAH FOONG, and CARSON LEW, AKA, KAHSOON LEW; and DOES 1-20<br><br>Defendants. | Case No.: 2:11-CV-3738 GHK (PJWx)<br><br>Honorable George H. King<br><br>[PROPOSED] PROTECTIVE ORDER |

972975.1

[PROPOSED] PROTECTIVE ORDER

Pursuant to the Parties' Stipulation for Protective Order, and for good cause show, the Court enters the following Order:

1.  **Definitions:**

    a.  "Party" means a named Party in this case and any of its/his/their related entities.

    b.  "Person" means an individual or an entity.

    c.  "Producer" means a Person who produces information via the discovery process in this case whether a party or a non-party to this litigation.

    d.  "Recipient" means a Person who receives information via the discovery processing this case.

    e.  "Confidential" information is information concerning a Person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third Person or to a Court. Confidential information may include the parties' customer and supplier lists, the parties' cost and pricing information, information regarding the parties' profits and damages, and banking records.

    f.  An "Expert" or a "Consultant" is a Person: (i) who is not an employee, director, officer, Consultant, supplier, distributor, or business associate of a Party nor anticipated to become an employee, director, officer, Consultant, supplier, distributor, or business associate of a Party in the near future; (ii) who is not regularly employed or retained by a competitor of a Party; (iii) who does not currently have any consulting arrangement with a competitor of a Party; (iv) who does not have any direct economic relationship with a Party, except as set forth in subpart (v) of this paragraph; and (v) who is retained or employed as a bona fide Consultant or Expert for purposes of providing advice or testimony in connection

with this litigation, whether full- or part-time, by or at the direction of counsel of record for a Party.

    g.    "Highly Confidential" information is information within the scope of Rule 26(c)(1)(G) that is current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third Person or to a Court. Highly Confidential information may include the technical specifications for the printing of textbooks and the Publishers' methods for distinguishing counterfeit textbooks.

    h.    Information is not Confidential or Highly Confidential if (i) it is disclosed in a printed or digital publication, (ii) it is known to the public, (iii) it was known to the Recipient without obligation of confidentiality before the Producer disclosed it, (iv) it is or becomes known to the Recipient by means not constituting a breach of this Order, or (v) a Person lawfully obtained it independently of this litigation.

2.    **Designation of information as Confidential or Highly Confidential**

    a.    **Good faith requirement:** A Person's designation of information as Confidential or Highly Confidential means that the Person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

    b.    **Documents and things:** A Person designates information in a document or thing as Confidential or Highly Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL." A Producer may make documents or things containing Confidential or Highly Confidential information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the Producer causes copies of the documents or things to

be marked as Confidential or Highly Confidential before providing them to the Recipient.

    c. **Deposition testimony:** A Person designates information in deposition testimony as Confidential or Highly Confidential by stating on the record at the deposition that the information is Confidential or Highly Confidential or by advising the opposing Party and the stenographer and videographer in writing, within fourteen days after receipt of the deposition transcript, that the information is Confidential or Highly Confidential.

    d. **Failure to designate:** A Person's failure to designate a document, thing, or testimony as Confidential or Highly Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony. A failure to designate a document, thing, or testimony as Confidential or Highly Confidential that a Producer claims is inadvertent shall be treated in the same fashion as a privileged or work product document under Federal Rule of Evidence 502.

    e. **Withdrawal of designation:** A Person who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all parties in the case.

    f. **Disputes:** If a Party disputes a Producer's designation of information as Confidential or Highly Confidential:

        i. The Party shall notify the Producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials.

        ii. The Party and the Producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court.

        iii. If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after notice of the dispute unless within that fourteen day period the Producer provides to the party disputing

designation a proposed Joint Stipulation to be filed with the Court pursuant to Local Rule 37.2.

    iv. The Producer bears the burden of proving that the information is properly designated as Confidential or Highly Confidential.

    v. The information shall remain subject to the Producer's Confidential or Highly Confidential designation until the Court rules on the dispute.

    vi. A Party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

**3. Use and disclosure of Confidential or Highly Confidential information:**

    a. Confidential and Highly Confidential information may be used exclusively for purposes of this litigation, subject to the restrictions of this order.

    b. Absent written permission from the Producer or further order by the Court, the Recipient may not disclose Confidential information to any Person other than the following:

        i. a Party's outside counsel of record, including necessary paralegal, secretarial and clerical Personnel assisting such counsel;

        ii. a Party's in - house counsel and its in-house personnel with responsibility for anti-piracy matters whose access to the information is reasonably required to supervise, manage, or participate in this case;

        iii. a Party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case;

      iv. a stenographer and videographer recording testimony concerning the information;

      v. subject to the provisions of paragraph 5(e) of this order, Experts and Consultants and their staff whom a Party employs for purposes of this litigation only; and

      vi. the Court and Personnel assisting the Court.

    c. Absent written permission from the Producer or further order by the Court, the Recipient may not disclose Highly Confidential information to any Person other than those identified in paragraph 6(b)(i), (ii), (iv), (v), and (vi) subject to the additional requirements of paragraph 6(d) with respect to persons identified in paragraph 6(b)(ii).

    d. Prior to the disclosure of Highly Confidential information to person(s) identified in paragraph 6(b)(ii), the following procedure shall apply:

      i. A Recipient must identify, in writing, the name of each such person, their title, a description of their role, confirmation that each such person does not have decision making authority over pricing, selection of customers, or selection of distributors, and must provide a copy of a signed undertaking in the form of Appendix 1 to this Order.

      ii. The Producing Party shall then be permitted to object, in writing, to the disclosure of Highly Confidential Information to any such person(s) within 14 days of actual receipt of written notice of the proposed disclosure.

      iii. If the Producing Party objects to the designation of any person(s) identified pursuant to this paragraph 6(d), the Recipient may then give notice of a dispute, and the parties shall follow the procedure for resolving disputes set forth in paragraph 5(f).

  e. A party may not disclose Confidential or Highly Confidential information to an expert or consultant, pursuant to paragraph 6(b) or 6(c) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order. The party obtaining the undertaking must serve it on all other parties within ten days after its execution. At least ten days before the first disclosure of Confidential or Highly Confidential information to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with a written identification of the expert, consultant, or employee and a copy of his or her curriculum vitae. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within ten days after service of the identification. Unless the parties resolve the dispute within ten days after service of the objection, the producer must move the Court promptly for a ruling pursuant to Local Rule 37.2, and the Confidential or Highly Confidential information may not be disclosed to the expert or consultant without the Court's approval.

  f. Notwithstanding paragraph 6(a) and (b), a Party may disclose Confidential or Highly Confidential information to: (i) any employee or author of the Producer; (ii) any Person, no longer affiliated with the Producer, who authored the information in whole or in part; and (iii) any Person who received the information before this case was filed.

  g. A Party who wishes to disclose Confidential or Highly Confidential information to a Person not authorized under paragraph 6(b) or 6(c) must first make a reasonable attempt to obtain the Producer's permission. If the Party is unable to obtain permission, it may move the Court to obtain permission pursuant to Local Rule 37.2.

  **4.** **Inadvertent Disclosure:** Inadvertent disclosures of material protected by the attorney - client privilege or the work product doctrine shall be handled in

972975.1

accordance with Federal Rule of Evidence 502. Inadvertent disclosure by a Producer of a document, thing, or testimony that a Producer claims is Confidential or Highly Confidential shall be treated in the same fashion as a privileged or work product document under Federal Rule of Evidence 502.

5. **Filing with the Court:**

   a. This protective order does not, by itself, authorize the filing of any document under seal. No document may be filed under seal without prior leave of court. A Party wishing to file under seal a document containing Confidential or Highly Confidential information must move the Court, consistent with Local Rule 79-5 et seq. on or before the due date for the document, for permission to file the document under seal.

   b. If a Party wishes to file in the public record a document that another Producer has designated as Confidential or Highly Confidential, the Party must advise the Producer of the document no later than five business days before the document is due to be filed, so that the Producer may move the Court to require the document to be filed under seal.

6. **Document Disposal:** Upon the conclusion of this case, each Party must return to the Producer all documents and copies of documents containing the Producer's Confidential or Highly Confidential information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing confidential or highly confidential information.

Alternatively, if the Producer agrees, the Party may destroy all documents and copies of documents containing the Producer's Confidential or Highly Confidential information. The Party returning and/or destroying the Producer's Confidential and Highly Confidential information must certify in writing, within 90 days of the conclusion of the case, its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a Party and its counsel may retain one complete set of all documents filed with the Court,

1 | remaining subject to all requirements of this order, together with the following
2 | documents that may contain or reference designated Confidential or Highly
3 | Confidential information: transcripts and exhibits from depositions, court hearing
4 | transcripts and/or trial transcripts, pleadings or exhibits filed with the Court, expert
5 | reports, declarations, affidavits, memoranda, and/or correspondence.

    7.    **Originals:** A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the producing Party has it, must be made available to any other Party within ten days after a written request.

    8.    **Survival of obligations:** This order's obligations regarding Confidential and Highly Confidential information survive the conclusion of this case.

DATED   JUN 1 0 2014          By  /s/ Patrick J. Walsh
                                  United States Magistrate Judge

972975.1

8

[PROPOSED] PROTECTIVE ORDER

EXHIBIT A

Jonathan G. Fetterly (State Bar No. 228612)
E-mail: jon.fetterly@bryancave.com
BRYAN CAVE LLP
120 Broadway St
Santa Monica, CA 90401
Telephone: (310) 576-2100
Facsimile: (310) 576-2200

Attorney for Plaintiffs
CENGAGE LEARNING, INC., JOHN WILEY & SONS, INC., PEARSON EDUCATION, INC., THE MCGRAW HILL COMPANIES, INC. and JOHN WILEY & SONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CENGAGE LEARNING, INC., a Delaware corporation; JOHN WILEY & SONS, INC., a New York corporation; THE McGRAW-HILL COMPANIES, INC., New York Corporation; and PEARSON EDUCATION, INC., a Delaware corporation,<br><br>Plaintiffs,<br>v.<br><br>AIM DISCOVERY, INC., a California Corporation; INFINITI FURNISHINGS, INC., a California Corporation; DERRICK FOONG, AKA CHIN WAH FOONG, and CARSON LEW, AKA, KAHSOON LEW; and DOES 1-20<br><br>Defendants. | Case No.: 2:11-CV-3738 GHK (PJWx)<br><br>Honorable George H. King<br><br>**APPENDIX 1 TO STIPULATED PROTECTIVE ORDER** |

973723.1

# APPENDIX 1 TO STIPULATED PROTECTIVE ORDER

I, _____ [name], state the following under penalties of perjury as provided by law:

I am _____ [position] for _____ [employer]. I will be receiving Confidential and/or Highly Confidential information that is covered by the Stipulated Protective Order governing this case. I have read the Stipulated Protective Order and understand that the Confidential and/or Highly Confidential information is provided pursuant to the terms and conditions in that order.

I agree to be bound by the Stipulated Protective Order. I agree to use the Confidential and/or Highly Confidential information solely for purposes of this case. I understand that neither the Confidential and/or Highly Confidential information nor any notes concerning that information may be disclosed to anyone that is not bound by the Stipulated Protective Order. I agree to return the Confidential and/or Highly Confidential information and any notes concerning that information to the attorney for the producer of Confidential and/or Highly Confidential information or to destroy the information and any notes at the attorney's request.

I submit to the jurisdiction of the Court that issued the protective order for purposes of enforcing that order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

_____

Title:

Date:

973723.1